# THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

---

In the Matter of:

Bald Eagle Properties, LLC,

<u>Case Number</u>

10-17511

Debtor.

---

# REQUEST FOR RELIEF
# FROM AUTOMATIC STAY AND MOTION
# TO PROHIBIT USE OF CASH COLLATERAL

---

Bremer Bank, N.A., a creditor in the above-referenced case, does hereby move the Court for orders as follows:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362.

2. On October 11, 2010, the Debtor filed its petition under Chapter 11 of 11 U.S.C. § 101 <u>et seq.</u> the ("Code"). Nothing of material significance has occurred since said filing.

3. Bremer Bank, N.A. ("Bremer") is a secured creditor by reason of the following instruments:

- Promissory Note dated February 18, 2010, in the original principal amount of $1,066,343.00 (the " Note")

- Business Loan Agreement dated February 18, 2010, in the original principal amount of $1,066,343.00

- Commercial Security Agreement dated October 23, 2009 (the " Security Agreement")

- Mortgage dated August 29, 1997 in the original principal amount of $1,425,000.00 (the " Mortgage")

(The above are hereinafter referred to as the " Loan Documents".)

4. As of October 10, 2010, the Note had a balance due of $1,066,343.00. The Debtor is now in default of the terms of the Note due to its failure to make the monthly payments of $8,012.30 each for the months of March through October, 2010.

5. As a result of the defaults described above, on June 8, 2010, Bremer commenced a foreclosure/replevin action in Burnett County, Wisconsin, Circuit Court.

6. For the following reasons, if Bremer is not granted relief from the automatic stay on the Loan Documents it will suffer irreparable injury, loss and damage:

   a. The Debtor has no equity in the collateral covered by the Mortgage and the Security Agreement.

   b. The collateral pledged for the Note is depreciating in value.

   c. The Debtor has no reasonable prospects of a successful reorganization.

   d. Bremer does not have and has not been offered adequate protection for its security interest in the collateral covered by the Mortgage and Security Agreement.

7. The collateral detailed in the Security Agreement constitutes " cash collateral" as defined in 11 U.S.C. § 363(a). Bremer has not consented to the use of its cash collateral and the Debtor has not obtained the approval of the Court to use said cash collateral as required by 11 U.S.C. § 363(c)(2).

WHEREFORE, Bremer Bank, N.A., requests that the Court:

A. Vacate, terminate and annul the automatic stay of 11 U.S.C. § 362 (a) as it may apply to the Debtor in order to permit Bremer to continue its pending foreclosure/replevin action in State Court.

B. If the Court denies Bremer's Request for Relief from the Automatic Stay, Bremer prays for a hearing for determination of adequate protection of its interest in the collateral covered by the Mortgage and Security Agreement.

C. For an Order waiving the 10 day stay described in Bankruptcy Rule 4001(c)(3).)

D. Order the Debtor to cease using Bremer's cash collateral.

E. Such other and further relief as the Court deems just and proper.

Dated this 18th day of October, 2010.

                                      RICHIE, GUETTINGER & MANYDEEDS, S.C.

                                      By: /s/
                                            Jeffrey W. Guettinger
                                            Attorneys for Bremer Bank, N.A.

Post Office Address:

3410 Oakwood Mall Drive
Post Office Box 1457
Eau Claire, WI 54702-1457
(715) 832-5777